UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEATRICE I. LUCERO,

    Plaintiff,

v.                                                                Civ. No. 11-855 LAM

STATE OF NEW MEXICO;
NEW MEXICO DEPARTMENT OF
TAXATION AND REVENUE, a New
Mexico governmental entity,

    Defendants.

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING THE FILING OF AN AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff Beatrice I. Lucero's application to proceed *in forma pauperis* ("IFP") [*Doc. 2*], filed September 26, 2011, and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Id.* at 1312.

To support her motion to proceed IFP, Ms. Lucero must show that she is unable to pay filing fees and still provide herself and her dependents "with the necessities of life." *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). It appears that Ms. Lucero, who has one child and who is currently unemployed, may meet that financial standard. *See* [*Doc. 2*]. But because Ms. Lucero states that she has a Ph.D. degree [*Doc. 2* at 5], and has held jobs in the past two years (*id.* at 2), the Court will require Ms. Lucero to update her

financial status with the Court as soon as she obtains employment or if her income changes in any way. In addition, as further explained below, because Ms. Lucero alleges no facts to support her Title VII claims based upon race, national origin, or sex, the Court concludes that she must file an amended Complaint either deleting counts I - III of her Complaint, or providing sufficient factual support for those claims, before free service of process is ordered.

In screening Ms. Lucero's Complaint under Section 1915, the Court must resolve the issue of whether the Complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted. In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8(a)(2) does not require "detailed factual allegations," 550 U.S. at 555, but the Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (*Iqbal*, 129 S. Ct. at 1949). The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." *Twombly*, 550 U.S. at 555. These, the Court stated, "will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

The courts should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, they should "identif[y] the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1951. Next, they

should "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.*; *see id.* at 1954 (rejecting the plaintiff's argument that he sufficiently stated a claim for relief by generally alleging that the defendants "discriminated against him 'on account of [his] religion, race, and/or national origin and for no legitimate penological interest,'" and stating, "[w]ere we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss. But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.") (citations omitted). Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citations and internal quotation marks omitted).

Ms. Lucero brings her claims under Title VII, the Americans with Disabilities Act, the New Mexico Human Rights Act, the Family Leave and Medical Act, and the New Mexico Tort Claims Act. [*Doc. 1* at 1]. Counts I - III of her Complaint allege discrimination in violation of Title VII on the basis of race, national origin, and sex. *Id.* at 8-9. The elements of a *prima facie* discrimination claim are relevant to the determination of whether a Complaint provides a defendant with fair notice and contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). To set forth a *prima facie* case for discrimination, a plaintiff must allege facts plausibly showing: "(1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) (citing *Trujillo v. Univ. of Colo. Health Sciences Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998)). Plaintiff has alleged facts plausibly showing that she is a member of protected classes based on race, national origin, and sex, and that she suffered an adverse employment action. However,

Ms. Lucero's Complaint is completely devoid of any factual allegations to support claims for disparate treatment based upon race, national origin, or sex. While Ms. Lucero states that another candidate was offered the position of Chief Economist, for which Ms. Lucero applied, Ms. Lucero fails to state whether this alleged discrimination was on the basis of race, national origin, sex, or disability. *See* [*Doc. 1* at 7]. In contrast, Ms. Lucero alleges that she "is aware of another Senior Economist being allowed to work from home to accommodate a disability," while Ms. Lucero was not given the same accommodation. *Id.* at 5-6. Ms. Lucero fails to allege any facts that she has been treated any differently because of her race, national origin, or sex. Ms. Lucero did not provide any factual allegations that would support that anything the Defendant did or did not do was because of her race, national origin, or sex, and the Complaint does not demonstrate in any way why Ms. Lucero believes that her race, national origin, or sex motivated Defendant's actions. Ms. Lucero's allegations are not entitled to an assumption of truth and provide no more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. Thus, Ms. Lucero has failed to state a claim for relief under those theories and they must be deleted in an amended complaint, unless sufficient facts can be alleged to support those claims. As noted above, if Ms. Lucero fails to file an amended complaint which corrects the above-stated deficiencies, the Court will not order free service of process and will recommend that her case be dismissed without further notice under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissal of deficient complaints is now mandatory).

**IT IS THEREFORE ORDERED** that Ms. Lucero's motion to proceed IFP [*Doc. 2*] is **GRANTED**.

**IT IS FURTHER ORDERED** that Ms. Lucero shall immediately inform the Court of any changes in her job status or income from any source.

**IT IS FURTHER ORDERED** that **within fourteen (14) days of the filing of this Order**, Ms. Lucero shall file an amended complaint that either deletes her claims for race, national origin, and sex discrimination, or provides sufficient facts to support those claims.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**