IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BEATRICE I. LUCERO,**
    **Plaintiff,**

v.                                                    Civ. No. 11-0855 MV/LAM

**STATE OF NEW MEXICO;**
**NEW MEXICO DEPARTMENT OF**
**TAXATION AND REVENUE, a New**
**Mexico governmental entity,**
    **Defendants.**

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on Plaintiff's *Motion for Appointment of Counsel (Doc. 8)*, filed December 5, 2011. On January 18, 2012, the Court held a telephonic hearing on this motion, at which Plaintiff and counsel for Defendants appeared. *See **Clerk's Minutes** (Doc. 17)*. Having considered the motion, record of the case, and relevant law, the Court **FINDS** that the motion is not well-taken and should be **DENIED**.

In her motion, Plaintiff states that she has no legal training and she has unsuccessfully attempted to retain an attorney to take her case on a contingent fee basis. [*Doc. 8* at 1]. Plaintiff asks the Court to appoint Merritt Bennett as her attorney in this action, or, in the alternative, to appoint another attorney to represent her. *Id.* at 2.

The Court may request an attorney to represent any person proceeding *in forma pauperis* who is unable to employ counsel. 28 U.S.C. § 1915(e)(1). The Court cannot, however, compel an attorney to represent a litigant under this provision. *See Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 309 (1989). Appointment of counsel to represent an indigent party pursuant to 28 U.S.C. § 1915 is a matter of discretion for the trial court. *See Shabazz*

1

*v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). In addition, there is no constitutional right to assistance of counsel in the prosecution of a civil rights action. *See Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). Factors which the Court weighs when considering a motion for appointment of counsel include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

In considering Plaintiff's motion for appointment of counsel, the Court has carefully reviewed the motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. Having done so, the Court finds that Plaintiff appears to understand the issues in the case and appears to be representing herself in an intelligent and capable manner. While Plaintiff asserts that having counsel appointed would assist her in her case, the same could be said in almost every *pro se* case. *See Rucks*, 57 F.3d at 979 ("While we do not quarrel with Mr. Rucks's assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case.") For these reasons, the Court will deny Plaintiff's motion for appointment of counsel.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's ***Motion for Appointment of Counsel (Doc. 8)*** is **DENIED**.

---

[1] As the Court explained to Plaintiff at the January 18, 2012 motion hearing, the Court will refer Plaintiff's case to the Court's Pro Se Civil Litigants Committee for that Committee to consider appointing counsel for Plaintiff. The Court reminds Plaintiff that the Committee's appointment of counsel is strictly voluntary and Plaintiff should continue to pursue obtaining counsel on her own. Plaintiff is also reminded that proceeding *in forma pauperis* provides free service of process and waiver of the filing fee, however, Plaintiff is still responsible for any attorney's fees or court costs she incurs in this proceeding. The Court directs Plaintiff to the Court's **Guide for Pro Se Litigants** found on the Court's external website at http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**