IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BEATRICE I. LUCERO,**
    Plaintiff,

v.                                                            **Civ. No. 11-0855 JB/LAM**

**STATE OF NEW MEXICO;**
**NEW MEXICO DEPARTMENT OF**
**TAXATION AND REVENUE, a New**
**Mexico governmental entity,**
    **Defendants.**

## ORDER DENYING WITHOUT PREJUDICE
## MOTION TO AMEND COMPLAINT

**THIS MATTER** is before the Court on Plaintiff's *Unopposed Motion to Amend Amended Complaint (Doc. 42)*, filed May 9, 2012. On May 15, 2012, Defendants filed a *Notice of Opposition to Plaintiff's Unopposed Motion to Amend Amended Complaint (Doc. 45)*. Having considered the motion and noting that it is opposed, the record of the case, and relevant law, the Court **FINDS** that the motion is not well-taken and should be **DENIED without prejudice** for failing to comply with the Court's local rules.

In her motion, Plaintiff asks the Court to allow her to file a second amended complaint to add two plaintiffs, and states that the motion is unopposed. [*Doc. 42*].[1] Plaintiff's motion, however, fails to comply with the Court's rules for several reasons. First, Plaintiff is required to determine whether a motion is opposed and state in the motion whether it is opposed. Failure to do so may be grounds for summary denial of the motion. D.N.M. LR-Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good faith request for

---

[1] Plaintiff filed her first amended complaint on October 26, 2011, prior to the filing of Defendants' answer. [*Doc. 6*].

1

concurrence may be summarily denied."). While Plaintiff represented to the Court that the motion is unopposed, that statement was not accurate, as counsel for Defendants pointed out in his notice to the Court. [*Doc. 45*]. In addition, Plaintiff fails to attach a copy of her proposed amended complaint to her motion, as Local Rule 15.1 requires ("A proposed amendment to a pleading must accompany the motion to amend.").[2] Counsel for Defendants states that he received a copy of Plaintiff's proposed amended complaint by mail on May 11, 2012 -- which was after Plaintiff had filed her motion to amend. The proper procedure would have been for Plaintiff to: (1) provide counsel for Defendants with a copy of the proposed amended complaint *prior* to filing her motion to amend, in order to determine whether the motion would be opposed; and (2) file a copy of the proposed amended complaint as an attachment to her motion to amend in compliance with the Court's rules. The Court reminds Plaintiff that she is required to comply with the Court's procedural requirements, including its local rules, and her *pro se* status does not relieve her of this obligation.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's *Unopposed Motion to Amend Amended Complaint (Doc. 42)* is **DENIED without prejudice**. Plaintiff may refile her motion provided that she complies with the proper procedures for doing so.

**IT IS SO ORDERED.**

*Lourdes A. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court notes that on May 11, 2012, Plaintiff filed a supplement to her motion to amend her complaint [*Doc. 44*], which contains more than 100 pages of exhibits, in violation of Local Rule 10.5 ("All exhibits to a motion . . . must not exceed a total of fifty (50) pages, unless all parties agree otherwise."). If this document is intended to be Plaintiff's proposed amended complaint, it is much too lengthy and vague as to which claims Plaintiff wishes to add to her complaint, and is unacceptable as a complaint. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a *short and plain* statement of the claim showing that the pleader is entitled to relief.") (emphasis added).